UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Case No.  2:21-cv-10666 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Lloyd S. Rohlig, | ) | |
| General Financial Services Corp., | ) | |
| Paul Romanow, Veronica Romanow, Anna | ) | |
| Romanow, Rebecca Woodruff, Kathleen | ) | |
| Kieronski, Marie Taylor, and Oakland County | ) | |
| Treasurer, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**COMPLAINT**

The plaintiff United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. §§ 7401 and 7403(a), brings this civil action to enforce the federal tax liens associated with the federal income tax debts of Lloyd S. Rohlig.  For its complaint, the United States alleges as follows:

**Jurisdiction, Parties, and Property**

1.     Jurisdiction over this action is conferred upon the district by 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2.     The defendant Lloyd S. Rohlig is the owner of the property located in Oakland County, Michigan, which is the subject matter of this complaint and within the jurisdiction of this Court.

3.      The defendant "General Financial Services Corp." is purportedly a corporation incorporated in the State of Nevada and is named as a party to this action as required by 26 U.S.C. § 7403(b) because it may claim an interest in the property upon which the United States seeks to enforce its liens.

4.      The defendant Paul Romanow is named as a party to this action as required by 26 U.S.C. § 7403(b) because he may claim an interest in the property upon which the United States seeks to enforce its liens.

5.      The defendant Veronica Romanow is named as a party to this action as required by 26 U.S.C. § 7403(b) because she may claim an interest in the property upon which the United States seeks to enforce its liens.

6.      The defendant Anna Romanow is named as a party to this action as required by 26 U.S.C. § 7403(b) because she may claim an interest in the property upon which the United States seeks to enforce its liens.

7.      The defendant Rebecca Woodruff is named as a party to this action as required by 26 U.S.C. § 7403(b) because she may claim an interest in the property upon which the United States seeks to enforce its liens.

8.      The defendant Kathleen Kieronski is named as a party to this action as required by 26 U.S.C. § 7403(b) because she may claim an interest in the property upon which the United States seeks to enforce its liens.

9.      The defendant Marie Taylor is named as a party to this action as required by 26 U.S.C. § 7403(b) because she may claim an interest in the property upon which the United States seeks to enforce its liens.

10.     The Oakland County Treasurer in the State of Michigan is named as a party to

this action as required by 26 U.S.C. § 7403(b) because it may claim an interest in the property

upon which the United States seeks to enforce its liens and to place it on notice of this Court's

jurisdiction over the property such that any local tax liens that have priority over federal tax liens

under 26 U.S.C. § 6323(b)(6) will be satisfied in a judicial sale under this Court's authority but

that the property may not be sold under other procedures during the pendency of this action.

11.     The property upon which the United States seeks to enforce its federal tax liens is

located at 44950 W. Eleven Mile Road, Novi, MI 48375, which is 0.6 acres in size, with Parcel

Identification Number 22-15-351-034 (the "Property"), and which has a legal description

described as follows:

> T1N R8E Section 15 Assessor's Plat No. 1, Part of Lot 14
> beginning at a point distant North 87 degrees 37 minutes 28
> seconds East 100 feet from the Southwest corner of said Lot 14;
> thence North 01 degree 40 minutes 54 seconds West 263 feet;
> thence North 87 degrees 37 minutes 28 seconds East 100 feet;
> thence South 01 degree 40 minutes 54 seconds East 263 feet;
> thence South 87 degrees 37 minutes 28 seconds West 100 feet to
> the point of beginning, containing 0.6 acres; 5-14-92 FR 018.

12.     The Property is further described as being part of the property that was conveyed

by Mary E. Guntzviller to Peter Romanow and Victoria M. Romanow, his wife, by warranty

deed dated July 12, 1979, and recorded in Oakland County Register of Deeds, Michigan, on July

23, 1979, at Liber 7571, Page 287 (the "Warranty Deed"). The Property is also the property

which is the subject matter of a Land Contract between Peter Romanow and his wife Victoria M.

Romanow as Sellers, and "General Financial Services Corp., whose President is Lloyd Rohlig,"

as Purchaser, dated January 13, 1993, and recorded in Oakland County Register of Deeds,

Michigan, on March 4, 1994, at Liber 14492, Page 442 (the "Land Contract").

13.     Upon information and belief, Peter Romanow died intestate on April 15, 2003, and no probate matter has ever been opened to distribute the assets of his estate.

14.     Upon his death, if Peter Romanow still had an interest in the Property, such interest passed to his surviving spouse, Victoria M. Romanow.

15.     Upon information and belief, Victoria M. Romanow died intestate on January 12, 2009, and no probate matter has ever been opened to distribute the assets of her estate.

16.     Upon her death, if Victoria M. Romanow still had an interest in the Property, such interest passed to her surviving descendants, who are, upon information and belief, defendants Paul Romanow, Veronica Romanow, Anna Romanow, Rebecca Woodruff, and Kathleen Kieronski, the children of Peter Romanow and Victoria M. Romanow.

**The United States' Liens and 2004 Judgment Against Lloyd S. Rohlig**

17.     On July 9, 2001, a delegate of the Secretary of the Treasury made an assessment of tax in the amount of $1,251.00 against Lloyd S. Rohlig for the income tax year 1996, which has a balance due with penalties, interest, accruals, and costs as of March 18, 2021, in the amount of $3,175.69.

18.     On July 9, 2001, a delegate of the Secretary of the Treasury made an assessment of tax in the amount of $4,654.00 against Lloyd S. Rohlig for the income tax year 1999, which has a balance due with penalties, interest, accruals, and costs as of March 18, 2021, in the amount of $2,588.26.

19.     Notices of the liabilities described in paragraphs 17 and 18 were given to, and payment demanded from, Lloyd S. Rohlig.

20.     Despite proper notice and demand, the defendant Lloyd S. Rohlig failed, neglected, or refused to fully pay the liabilities described in paragraphs 17 and 18, and after the

application of all abatements, payments, and credits, Lloyd S. Rohlig remains liable to the United

States in the amount of $5,733.95, plus statutory additions and interest accruing from and after

March 18, 2021.

21.      On March 31, 2004, the United States brought suit in this Court against Lloyd S.

Rohlig to reduce to judgment federal income tax assessments made by a delegate of the

Secretary of the Treasury against him for the income tax years 1983, 1984, 1985, 1986, 1987,

1988, 1989, 1991, 1994, 1995, 1996, and 1999.  (2:04-cv-71194 ECF No. 1, PageID.1-2.)

22.      On October 28, 2004, the Court entered judgment in favor of the United States

and against Lloyd S. Rohlig in the amount of $3,038,355.52, plus statutory additions from and

after June 7, 2004 (the "2004 Judgment").  (2:04-cv-71194 ECF No. 12, PageID.38.)

23.      On April 13, 2005, an abstract of judgment was recorded at the Oakland County

Registry of Deeds, Michigan, at Liber 35309, Page 217, which recorded the 2004 Judgment and

which created a lien on all real property belonging to Lloyd S. Rohlig, including the Property

(the "Abstract of Judgment").

**"General Financial Services Corp." as Alter Ego/Nominee of Lloyd S. Rohlig**

24.      Although the Land Contract identifies "General Financial Services Corp." as an

entity incorporated in Nevada, no such entity exists according to the records of the State of

Nevada.

25.      "General Financial Services Corp." is not a real or existing corporation and is

merely a name used by Lloyd S. Rohlig to hold property belonging to him.

26.      Lloyd S. Rohlig signed the Land Contract as President of "General Financial

Services Corp."

27.     "General Financial Services Corp." has held, and continues to hold, record title to the Property.

28.     "General Financial Services Corp." is a sham and the alter ego/nominee of Lloyd S. Rohlig, the true and equitable owner of the Property, as evidenced by these facts:

a.  "General Financial Services Corp." is a purported corporation but it has no articles of incorporation or any other corporate documents recorded in the State of Michigan or the State of Nevada.

b.  "General Financial Services Corp." has never filed a federal income or employment tax return.

c.  On or about July 2007, Lloyd S. Rohlig, rather than "General Financial Services Corp." signed a residential lease agreement leasing the Property to two tenants for a 12-month period for a sum of $26,100.  The lease agreement defined "Lloyd Rohlig" as the "landlord," and defined the "landlord" as "*the owner of the land and the building where the premises are located.*"  The lease agreement provided that rent payments shall be made to the landlord. "General Financial Services Corp." is not mentioned anywhere in the lease agreement.

d.  After the 12-month lease term ended, the tenants continued to rent the Property from Lloyd S. Rohlig on a month-to-month basis until May 2018.  During that time, the tenants wrote rent payment checks made payable to "Lloyd Rohlig."

e.  One of the tenants signed a sworn affidavit in May 2018 stating that "[i]t was and has always been my belief that Lloyd Rohlig owns 44950 Eleven Mile Road, Novi, MI 48375. Lloyd Rohlig has always been my only contact regarding anything to do [sic] the real property 44950 Eleven Mile Road, Novi, MI 48375."

f.   In a consent judgment of divorce filed in the Oakland County Circuit Court, case

no. 99-619887 (date unknown), Lloyd S. Rohlig was awarded the Property as his sole and

separate property, free and clear of any claim of right by his former wife.

**Action To Enforce Federal Liens**

29.    Because Lloyd S. Rohlig has neglected, refused, or failed to pay the liabilities

described in paragraphs 17 and 18 after notice and demand, federal tax liens arose pursuant to 26

U.S.C. §§ 6321 and 6322 on the dates of the assessments and attached to the Property.

30.    The United States is entitled to enforce the federal tax liens described in

paragraphs 17 and 18 against the Property pursuant to 26 U.S.C. § 7403 and to have the Property

sold in a judicial sale (including by a receiver if requested by the United States), free and clear of

all claims, liens, or interests of the parties, including any rights of redemption, with the proceeds

of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure

and maintain the Property; second, to the defendant Oakland County Treasurer, to pay any real

estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); and third,

to the United States to pay the liabilities described above in paragraphs 17, 18, and 22, except to

the extent that the Court determines that another party has a superior right, title, or interest.

WHEREFORE, the plaintiff United States of America requests the following relief:

A.    An order enforcing the federal tax liens securing the liabilities described above in

paragraphs 17 and 18 pursuant to 26 U.S.C. § 7403 against the Property by ordering the sale of

the Property in a judicial sale (including by a receiver if requested by the United States), free and

clear of all rights, titles, or interests of the parties, including any rights of redemption, with the

proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to

secure and maintain the Property; second, to the defendant Oakland County Treasurer, to pay any

real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); and

third, to the United States to pay the liabilities described above in paragraphs 17, 18, and 22,

except to the extent that the Court determines that another party has a superior right, title, or

interest; and,

        B.      The United States of America shall recover its costs, and be awarded such other

and further relief as the Court determines is just and proper.

Dated:  March 26, 2021

                                            Respectfully Submitted,

                                            DAVID A. HUBBERT
                                            Acting Assistant Attorney General
                                            U.S. Department of Justice, Tax Division

                                            */s/ Joseph M. Kaufman*
                                            Joseph M. Kaufman
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice
                                            P.O. Box 55
                                            Washington, D.C. 20044
                                            Tel: (202) 598-5508; Fax: (202) 514-5238
                                            joseph.m.kaufman@usdoj.gov
                                            NY Bar No.: 5096219

Of Counsel:
PETER A. CAPLAN (P30643)
Assistant U.S. Attorney
United States Attorney's Office
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-9784
peter.caplan@usa.doj.gov